IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

*IN RE HAGUE CHILD ABDUCTION APPLICATION*

| | |
|---|---|
| Lucas Alzu | |
|     Petitioner, | Case No. |
| vs. | |
| Amy Nichole Huff | |
|     Respondent. | |
| Serve: 1323 W. LaSalle St.<br>       Springfield, MO 65807 | |

## VERIFIED PETITION FOR RETURN OF CHILD UNDER THE HAGUE CONVENTION

COMES NOW Lucas Alzu ("Petitioner") and for his Verified Petition for Return of Child under the Hague Convention on the Civil Aspects of International Child Abduction, done at The Hague on October 25, 1980, and the International Child Abduction Remedies Act, 42 U.S.C. 11601 et. seq., states as follows:

### PREAMBLE

1. This petition is brought by Petitioner against Amy Nichole Huff ("Respondent") under The Convention on the Civil Aspects of International Child Abduction, done at The Hague on October 25, 1980 (the "Hague Convention" or the "Convention"), and the Federal International Child Abduction Remedies Act, 42 U.S.C. §11603(b) ("ICARA").

2. The Hague Convention came into effect for the United States on July 1, 1988 and came into effect between the United States and Argentina on June 1, 1991. Argentina is the country of habitual residence of the child that is the subject of this action.

3. The objects of the Hague Convention are:

a. To secure prompt return of children wrongfully removed to or retained in any contracting state (Article 1(a)); and

b. To ensure that rights of custody and of access under the law of one contracting state are effectively respectively respected in the other contracting states (Article 1(b)).

4. The child (initials A.A.H.) for whom this Petition is filed and his date of birth is: CHILD A. A minor child, born on the 4th day of March, 2020 (age 2 years) in Buenos Aires, Argentina, who will be sixteen years of age on March 4, 2036. *See* Ex. 1, Argentine Hague Application.

**JURISDICTION AND VENUE**

5. This Court has jurisdiction under 42 U.S.C. §11603, which provides that both State and Federal courts shall have concurrent original jurisdiction over any action arising under the Hague Convention.

6. A decision under the Hague Convention is not a determination of any child's custodial arrangements pursuant to Article 19 of the Convention and 42 U.S.C. §11601(b)(4), which provides that, "[t]he Convention and this chapter empower courts in the United States to determine only rights under the Convention and not the merits of any underlying child custody claims."

7. Venue is proper in this Court under 42 USC §11603(b), which provides that any person initiating judicial proceedings under the Hague Convention for the return of a child or for arrangements to organize or secure the effective exercise of rights of access to a child may do so commencing a civil action by filing a petition for the relief in any court that has jurisdiction of the

2

Case 6:23-cv-03022-MDH   Document 1   Filed 01/18/23   Page 2 of 7

SPR 18081638.1

action and that is authorized to exercise its jurisdiction where the child is physically located when the petition is filed.

8. The child who is the subject of this action is currently physically located within the jurisdiction of this Court, specifically in Springfield, Missouri.

9. In support of this Petition, Petitioner is also filing herewith an Informational Brief that explains the purpose and mechanics of the Hague Convention.

## STATUS OF THE PETITIONER AND CHILD

10. Petitioner has rights of custody of the subject child within the meaning of Articles Three and Five of the Hague Convention in that Petitioner is the natural father of the child.

11. Petitioner was born in Argentina and is a citizen of Argentina.

12. Respondent was born in the United States and is a citizen of the United States of America.

13. Petitioner and Respondent met each other in 2018, and moved to Argentina to live together before the child was born.

14. The minor child that is the subject of this action was born in Argentina.

15. The minor child lived exclusively in Argentina until his wrongful retention in the United States of America.

16. Petitioner and Respondent separated while in Argentina.

17. On November 17, 2021, Petitioner and Respondent appeared in family court, and agreed in an official court order to allow Respondent to travel with the child to the United States for a period of up to 40 days to spend time with Respondent's family. See Ex. 1, Argentine Hague Application.

18. Consistent with the parties' agreement and the Court's order, Respondent purchased round-trip tickets from December 15, 2021 until January 21, 2022 for her and the child. See Ex. 1, Argentine Hague Application.

19. On January 20, 2022, Respondent informed Petitioner via WhatsApp message that she would not return their child to Argentina.

20. Petitioner has parental responsibility rights under the law of Argentina, specifically under Family Relations, Title VII, Article 638, et seq. (the "Civil Code"). See Ex. 1, Argentine Hague Application.

    a. Article 638. Parental responsibility. Definition. Parental responsibility is the parents' set of rights and obligations over their child's self and property for the purpose of protecting, developing and educating them in a comprehensive manner for as long as the child remains an unemancipated minor.

    b. Article 641: Exercise of parental responsibility. Parental responsibility shall be exercised as follows: (a) by both parents, if the child lives with both parents … (b) by both parents, in case they have ceased to live together, are divorced, or their marriage is annulled …

21. Petitioner retained full parental responsibility rights under Argentine law, which are full custody rights within the meaning of the Hague Convention. See Ex. 1, Argentine Hague Application.

22. Prior to the wrongful removal and retention, Petitioner exercised and sought to exercise his rights of custody of the child within the meaning of Articles Three and Five of the Convention, as well as within Articles 283 and 416 of the Civil Code. See Ex. 1, Argentine Hague Application.

23. Argentina is the child's country of habitual residence within the meaning of Article Three of the Hague Convention. The child was born in Argentina. Argentina was his home prior to, and as of the date of, his wrongful retention.

4

## RETENTION BY RESPONDENT

24. As the child's natural father, Petitioner has parental responsibility rights, which are recognized as custody rights within the meaning of the Hague Convention.

25. On January 20, 2022, Respondent wrongfully retained the child in the United States in violation of the parties' agreement and the Argentine court's order.

26. Prior to the wrongful retention, Petitioner had no idea that Respondent was planning to abscond with their child. Respondent did not request Petitioner's permission to relocate the child to the United States permanently and Petitioner never gave such consent.

27. Petitioner never consented to or authorized the child's retention away from his habitual residence of Argentina.

28. On May 30, 2022, Petitioner completed an application for assistance with the Argentine Central Authority to secure the return of his child under the Hague Convention ("Hague Application"), which is incorporated into this Petition herein. See Exhibit 1, Argentine Hague Application.

29. On May 30, 2022, the United States' State Department issued a voluntary return letter to Respondent. See Ex. 1, Argentine Hague Application.

30. Respondent refused and failed to comply with the request from the United States' State Department for voluntary return.

31. In late December of 2022, the United States' State Department assisted Petitioner in finding pro bono legal representation and provided the Hague Application to the law offices of Spencer Fane.

32. Petitioner has not seen his child since he was wrongfully retained in the United States and communication with the child has been difficult.

33. Respondent's abduction and retention of the child is wrongful within the meaning of Article Three of the Hague Convention because Petitioner's rights of custody were violated.

34. Respondent is now and has been wrongfully retaining the child from Petitioner and the child's country of habitual residence. Respondent is believed to be currently living with the child in Springfield, Missouri.

**RELIEF REQUESTED**

35. Petitioner requests the following relief issue either immediately or at the expedited final hearing in this matter, or at such other time as may be appropriate:

    a. The Court immediately return the child to Petitioner or to an agent of Petitioner pursuant to the Proposed Order attached as Exhibit 2, so that the child can return to his home country of Argentina; and

    b. The child's passports and all other documents necessary for the child's departure to Argentina be immediately deposited with the Court pending a final determination on the return order; and

    c. Order Respondent to pay Petitioner's necessary expenses including court costs, legal fees, foster home or other care expenses, and any transportation costs incurred for the child's return pursuant to Article 26 of the Convention and 42 U.S.C. §11607 upon final submission of those costs, fees and expenses, which Petitioner may amend from time-to-time, reserving jurisdiction for the taxation of additional expenses incurred after that time; and

    d. For such other relief and provisional relief and remedies as the court deems just and proper under the circumstances to facilitate the child's safe and prompt return to the care of Petitioner in Argentina.

Dated: January 16, 2023

ATTORNEYS FOR PETITIONER

**SPENCER FANE LLP**

By: /S/ Christopher F. Weiss
_____
Christopher F. Weiss    MoBar #49314
2144 E. Republic Road, Ste. B300
Springfield, MO 65804-4623
Ph: (417) 888-1036
Fax: (417) 881-8035
Email: cweiss@penferfane.com
**Attorneys for Plaintiff**

## VERIFICATION AND DECLARATION

Lucas Alzu, of lawful age, being first duly sworn upon oath states:

I state and verify that I am familiar with the factual statements contained in the foregoing Petition and that the factual statements contained in it are true and correct to my best recollection. I state under penalty of perjury under the laws of the United States of America and Argentina that the foregoing factual statements are true and correct.

Affirmed this 16 day of January 2023

_____
LUCAS ALZU
Petitioner Lucas Alzu